BLAND, P. J.—The defendant has appealed from a conviction and judgment against him on a charge by information of having violated the dramshop act by the unlawful sale of beer and whisky. The uncontradicted testimony is that at the time defendant made the sale of intoxicating liquor, he was the owner and proprietor of a drug store and had a merchant's license, and that the sale of the liquor was on the prescription of a physician, but he failed to show that he was a registered pharmacist or that he had a registered pharmacist in charge authorized to fill the prescriptions of physicians. Being the owner and proprietor of a drug store and having a license as a merchant, he could only have been rightfully convicted of the sale of intoxicating liquors in the prosecution of his business under section 4621 concerning druggists, or under section 6915, Revised Statutes 1889, concerning merchants' license. *State v. Gibson*, 61 Mo. App. 361; *State v. Williams*, 69 Mo. App. 285, 286.

Judgment reversed and defendant discharged. All concur.

STATE OF MISSOURI, Respondent, v. LEE RANDALL, Appellant.

St. Louis Court of Appeals, February 1, 1898.

Reversed for same reason stated in *State v. Randall*, page 463, *ante*.

*Appeal from the Webster Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND DEFENDANT DISCHARGED.

BLAND, P. J.—This case is controlled by the decision in the case of *State v. Lee Randall*, handed

down at this term, and for the reason stated in that opinion the judgment in this case is reversed and the defendant discharged.   All concur.

STATE OF MISSOURI, Respondent, v. LEE RANDALL, Appellant.

St. Louis Court of Appeals, February 1, 1898.

Reversed for same reason stated in *State v. Randall*, page 463, *ante*.

*Appeal from the Webster Circuit Court.*—HON. ARGUS Cox, Judge.

REVERSED AND DEFENDANT DISCHARGED.

BLAND, P. J.—This case is controlled by the decision in the case of *State v. Lee Randall*, handed down at this term, and for the reasons stated in that opinion the judgment in this case is reversed and the defendant discharged.   All concur.

CITY OF LADDONIA, Respondent, v. JAMES F. POOR, Appellant.

St. Louis Court of Appeals, February 1, 1898.

City of Fourth Class: ORDINANCE: CONSTRUCTION.  An ordinance of the city of Laddonia, prohibiting any person from entering upon any depot platform, or upon the premises of any railroad within said city, for the purpose of soliciting patronage for any hotel, etc., applies to the proprietor of a hotel who undertakes to perform the work of a "runner" for his house; and *held*, that such ordinance was not unreasonable because, in this case, the depot was situated in the center of a strip of land about two hundred feet wide, and it was impossible to get within fifty feet of the station, without entering upon the premises of the railroad.